

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. T. J. Crowe, Secretary
Texas State Board of Medical Examiners
Mercantile Building
Dallas, Texas

Dear Sir:

Opinion No. 0-1979
Re: Authority of the Texas State Board
of Medical Examiners to issue a ver-
ification license to practice medi-
cine under the facts as stated.

We are in receipt of your letter of recent date
requesting our opinion touching the Board's authority to
issue what is termed a "verification license" under the
following facts. It appears that one W. W. Moore was
issued a certificate of satisfactory examination and
right to practice medicine in 1899, by the Board of Ex-
aminers of the 8th Judicial District of Texas, which
certificate was recorded in the office of the district
clerk of Hopkins County, Texas, presumably the county
of such practitioner's residence or sojourn. This pro-
cedure was as regulated by the laws of Texas in force
at the time, which laws are contained in the Revised
Statutes of 1895, Article 3777 et seq., and Article 438,
et seq., of the Penal Code. It further appears from
your letter that W. W. Moore is not a graduate of a med-
ical college, and has not complied with any regulatory
statute enacted subsequent to the date of his original
qualification, touching the practice of medicine in
Texas.

Under Articles 3777 - 3789, inclusive, Revised
Statutes of 1895, there were created district boards of
medical examiners, corresponding to the several judicial
districts of the state, with the duty of examining all
applicants for certificates of qualification to practice
medicine (Art. 3784, supra), whereupon, "when the board
shall be satisfied as to the qualifications of an appli-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

cont, they shall grant to him a certificate to that effect, which certificate shall entitle the person to whom granted to practice medicine * * * " (Art. 3785, supra).

These provisions of the Revised Statutes of 1895 were brought forward from the Revised Statutes of 1879 and consisted of the Acts of 1875, 1876, 1877 and 1879. Hence in the year 1897, Moore was entitled to practice medicine on the certificate of the District Board of Medical Examiners.

In 1901, the Twenty-seventh Legislature repealed the above statute, but in section 8 of the repealing Act provided for an exemption from its provisions in the following language:

"Sec. 8. From and after the passage of this amendment it shall be unlawful for any person to practice medicine, surgery, or obstetrics in this state except: First, All those who were practicing medicine in Texas prior to January 1, 1885. Second. All those who began the practice of medicine in this state after the above date who have complied with the laws of this state regulating the practice of medicine in force prior to the passage of this Act. * * * " (Acts 1901, 27th Leg., ch. 12, p. 12).

Subsequently, the Thirtieth Legislature in 1907 enacted a more comprehensive Act regulating the practice of medicine, creating a State Board of Medical Examiners, providing various regulations, and repealing all laws and parts of laws in conflict therewith.

Sec. 6 of the 1907 Act, which does not appear in subsequent amendatory acts or codifications of the statutes, provided:

"Within one year after the passage of this Act, all legal practitioners of medicine in this state, who, practicing under the provision of previous laws or under diplomas of a reputable and legal college of medicine, have not already received license from a state

medical examining board of this state, shall
present to the Board of Medical Examiners for
the State of Texas, documents or legally certi-
fied transcripts of documents sufficient to es-
tablish the existing license heretofore issued
by previous examining boards of this state, or
exemptions existing under any law, and shall
receive from said board verification license
which shall be recorded in the district clerk's
office in the county in which the licentiates
may reside * * * "

Section 15 of the Act provided that all certi-
ficates issued by any board of medical examiners of the
state, under any former law, should continue in full
force and effect for one year after the Act took effect;
and further provided that any person practicing medicine
within the state under the provisions of existing laws,
or any exceptions thereto, when the Act took effect,
could continue to practice for one year thereafter with-
out compliance with the provisions thereof.

In order, therefore, for M. M. Moore, under
the facts as stated by you, to have complied with the
provisions of the 1907 Act, he must have within one year
after it became effective, presented to the State Board
of Medical Examiners the valid and existing license is-
sued by the District Board of Medical Examiners with
evidence of the recording thereof or legally certified
transcripts of documents sufficient to establish the
existence or validity of such license; whereupon, the
State Board of Medical Examiners would have issued to
him a verification license.

This Moore did not do. Now, however, approxi-
mately 35 years later, he presents such to the State
Board of Medical Examiners, with his application for the
issuance to him of a verification license whereby he may
practice medicine in Texas. Hence the question: Is the
State Board of Medical Examiners authorized to issue
such license?

We think unquestionably not. There are no pro-
visions in the 1907 Act, or in subsequent amendatory Acts
thereto, or in the present statutory law of Texas, au-

thorizing the State Board of Medical Examiners to issue a verification license to an individual who did not, within one year after the effective date of the 1907 Act, take the necessary steps before the State Board of Medical Examiners and receive therefrom a verification license. Moreover, Moore not only has failed to comply with the 1907 Act, but he would possess neither the requirement of the present law that medical practitioners be graduates of bona fide, reputable medical schools, nor that of having successfully passed examination before the State Board of Medical Examiners, nor that of having registered with the State Board of Medical Examiners in the manner required by Article 4498a, Vernon's Annotated Civil Statutes (Acts 1931, 42nd Leg., p. 55, ch. 37, § 3).

In holding that the Texas State Board of Medical Examiners is without authority to issue a verification license to M. M. Moore, under the facts as outlined in your letter, we are in accord with an opinion of this department, during the administration of Hon. R. V. Davidson, under date of July 15, 1907 wherein it was held that the verification license provided for in the 1907 Act must have been issued, after proper application therefor, within one year from the effective date thereof.

You are accordingly advised that it is the opinion of this department that the Texas State Board of Medical Examiners, under the facts as stated, would be without authority to issue to the applicant, M. M. Moore, a verification license to practice medicine in Texas.

Trusting that we have adequately answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

APPROVED FEB 27, 1940

ZCS:ob

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _pwb_
CHAIRMAN